[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-13632
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 2, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00403-CV-T-24-TBM

REBECCA PORTER,

Plaintiff-Appellant,

versus

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY,

Defendant,

SMITHKLINE BEECHAM CORPORATION,
d/b/a GlaxoSmithKline,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 2, 2006)

Before TJOFLAT, PRYOR and RONEY, Circuit Judges.

PER CURIAM:

Plaintiff Rebecca Porter appeals the district court's grant of summary judgment to defendant SmithKline Beecham Corporation, d/b/a GlaxoSmithKline (GSK), her former employer, in her case brought pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* Porter alleged that on May 31, 2001, her long term disability benefits were improperly terminated, despite 1997 medical diagnoses of fibromyalgia, asthma, and depression, after defendant had gathered conflicting medical examination information about the extent of her medical condition. After the denial of Porter's fourth internal appeal, defendant offered to suspend a final determination as to her long term disability benefits if Porter was willing to submit to an independent medical evaluation, offering to reinstate long term benefits if the findings of such an evaluation supported her claim that she was totally disabled. Porter twice refused to submit to an independent evaluation. On October 22, 2003, defendant denied Porter's fifth appeal, reasoning that her failure to submit to an independent medical evaluation was a failure to comply with her obligations under the long term plan and establishes a new justification for disability benefits. We affirm based on the reasons set forth in the detailed and well-reasoned order of the district court.

The district court did not err by finding that defendant had the authority to make a final determination as to the denial of plaintiff's long term benefits due to her refusal to submit to an independent medical evaluation during the pendency of the appeals process. Although her long term benefits were initially suspended due to conflicting evidence gathered by defendant as to whether she was not totally disabled under the terms of the plan, her subsequent refusal to submit to an independent medical evaluation during the pendency of the appeals process constituted an independent ground for denial of long term benefits.

The plan, which states that defendant has the absolute right "to make all determinations of fact and eligibility for benefits," explicitly states, "If you do not submit to a timely independent medical examination or if you do not provide timely and satisfactory proof of continued disability, your benefits will be suspended." Given this clear language, which required proof of a "continued disability," the district court did not err in holding that defendant's request for an independent medical evaluation was not "wrong" under the plan and, even if "wrong," was reasonable given the factual circumstances, where defendant's reasons to terminate her long term benefits conflicted with her proffered evidence concerning her asserted disability. *See Williams v. BellSouth Telecomm., Inc.*, 373 F.3d 1132, 1138–39 (11th Cir. 2004) (explaining that even if a plan

administrator's decision under a plan is "wrong," a reviewing court must still uphold if reasonable grounds support it).

The record does not support plaintiff's argument that the plan administrator "automatically" gave "blind adherence" to a non-treating medical director's opinion without regard to other medical opinions, through what Porter calls an improper "anti-physician rule." The record evidence was not that the plan administrator blindly adhered to the reviewer's decision to deny long term benefits due to a lack of disability but instead gave credence to his recommendation that she submit to an independent medical evaluation to assist in resolving the conflict between defendant's and plaintiff's medical experts as to her medical condition.

The district court's grant of summary judgment to the defendant is AFFIRMED.